UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CALIEB BARNES,

               Plaintiff,

     -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DETECTIVE NEMESIO RODRIGUEZ,
NEW YORK CITY POLICE DETECTIVE
CLARENCE FREDERICKS,

               Defendants.

------------------------------------- x

OPINION

13 Civ. 7283 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Calieb Barnes brings this action under 42 U.S.C. § 1983 against Defendants the City of New York, New York City Police Department ("NYPD") Detective Nemesio Rodriguez, and NYPD Detective Clarence Fredericks. Plaintiff alleges constitutional violations resulting from the claimed illegal seizure and search of a vehicle. Defendants the City of New York and Detective Fredericks move for summary judgment under Federal Rule of Civil Procedure 56. (Motion, ECF No. 29; Mem. of Law ("Mem."), ECF No. 30.) Before this Court is Magistrate Judge James L. Cott's July 2, 2015 Report and Recommendation ("Report," ECF No. 52), in which he recommended that the summary judgment motion be granted in its entirety. Magistrate Judge Cott's recommendation is adopted. Defendants the City of New York and Detective Fredericks' motion for summary judgment is GRANTED, and this case is DISMISSED.[1]

---

[1] As explained further below, Defendant Detective Rodriguez was never properly served and therefore is not a party to this action.

## RELEVANT FACTS

In and around November 2010, Plaintiff was the subject of an investigation due to his suspected involvement in certain criminal activity. (*See* Report at 2; Defs.' Rule 56.1 Statement ¶¶ 1-5, ECF No. 32.) Following this investigation, Plaintiff was arrested and indicted on multiple felony counts. (Report at 2.) Plaintiff was subsequently convicted in a jury trial before Judge Denise L. Cote of narcotics trafficking, firearms trafficking, Hobbs Act robbery, and murder, among other counts. (*Id.* at 3 (citing *United States v. Barnes*, 11-CR-184 (DLC) (S.D.N.Y. March 1, 2011).) Plaintiff appealed his conviction, which was affirmed by summary order on March 21, 2014. (*Id.* (citing *United States v. Barnes*, 560 F. App'x 36, 39 (2d Cir. 2014), *cert. denied*, 134 S. Ct. 2715 (2014)).)

On November 15, 2010, Detective Rodriguez observed a vehicle without license plates parked outside of Plaintiff's residence. (Report at 3.) The car was registered to Chaquera Daly, Plaintiff's former girlfriend, and was assigned a license plate number. (*Id.*) While Detective Rodriguez was inspecting the vehicle, Plaintiff came over to the car and asked if something was wrong with the vehicle. (*See id.* at 4.) Detective Rodriguez informed Plaintiff that a car without license plates could not be parked on the street. (*Id.* at 4.) Plaintiff stated that the car was his, even though it was registered in Ms. Daly's name, and that Ms. Daly had removed the license plates. (*Id.*) Ms. Daly allegedly removed the license plates that day because Plaintiff had accrued outstanding parking tickets. (*See* Final Amended Complaint ("FAC") ¶¶ 5, 7, ECF No. 13.) Detective Rodriguez then arranged for the car to be towed to the garage of the 47th Precinct in the Bronx. (Report at 4-5.)[2]

---

[2] (*See also* Trial Transcript, *United States v. Barnes*, 11-CR-184-DLC ("Tr.") at 742:4-6 (Detective Fredericks' testimony that "[t]he car was seized by Detective Rodriguez who brought it to the 47[th] Precinct for safeguarding"), ECF No. 46 Ex. 1.)

The following day, on November 16, 2010, Detective Fredericks swore out an application for a search warrant for the seized vehicle before Magistrate Judge Frank Maas. (*Id.* at 5; *see* Opp'n, Ex. B (Detective Fredericks' application and supporting affidavit), ECF No. 36.) Magistrate Judge Maas signed the search warrant that day. (Declaration of Randolph Hall in Support of MSJ ("Hall MSJ Decl."), Ex. B, ECF No. 31.) The search of the vehicle recovered several items, some of which were admitted into evidence at Plaintiff's criminal trial before Judge Cote.[3] (Report at 5 & n.5.)

Plaintiff filed his "final" amended complaint in this action on March 31, 2014. Magistrate Judge Cott's April 7, 2014 Order advised Plaintiff that he "must effect service within 120 days of the date the summons is issued under [Fed. R. Civ. P.] 4(m)," and that his case could be dismissed if he did not make service within this period or request an extension of time to do so. (ECF No. 14 at 2.) Defendants Detective Fredericks and the City of New York were served on April 25, 2014 and June 2, 2014, respectively. (ECF Nos. 16, 19.) Service on Detective Rodriguez was attempted on April 25, 2014, but was unsuccessful because Detective Rodriguez had retired well before the attempted service. (*See* Mem. at 2 & n.1; *see also* Answer at 1 n.1 (noting that Detective Rodriguez "has not been properly served" and therefore "is not a party to this action"), ECF No. 23.) Plaintiff never made another attempt to effect service on Detective Rodriguez.

The instant motion was fully submitted following the filing of Plaintiff's opposition[4] and Defendants' reply papers (ECF Nos. 41-43).

---

[3] Defendants note that the docket in Plaintiff's criminal case "is devoid of any pre-trial motions challenging the seizure and search of the vehicle or seeking its return." (Mem. at 13.)

[4] Plaintiff's opposition was filed as a motion "for a report and recommendation denying summary judgment to Defendants[]." (*See* ECF No. 36.)

3

## STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F. Supp. at 1189).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (Summary Order) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). Nonetheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). If a party's objection does reiterate a prior argument, or consists entirely of conclusory or general arguments, the Court should review the

4

Report for clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 46-47); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Plaintiff timely filed objections to the Report on July 20, 2015. (Obj., ECF No. 53.)[5] In general, these objections make and reiterate arguments through unclear and conclusory statements; state the factual circumstances of Plaintiff's allegations; and advance unsupported claims.[6] Objections of this nature are not clearly aimed at particular findings in the Report and therefore do not trigger *de novo* review. *See Pinkney*, 2008 WL 2811816, at *1. However, in the objections, Plaintiff argues that Detective *Fredericks* is not entitled to qualified immunity as to the seizure claim because Detective *Rodriguez* seized the vehicle. (See Obj. at 6, 13.) With the exception of this argument, Plaintiff's objections are on the whole conclusory or unfounded. This Court therefore reviews the illegal seizure claim *de novo*,[7] but reviews the remainder of the Report for clear error.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the

---

[5] Defendants did not file any objections, nor did they respond to Plaintiff's objections.

[6] (*See, e.g.*, Obj. at 6 (contending that the magistrate judge's "signature is absent on the original warrant therefore making the search and seizure warrant invalid," when the warrant plainly contains the judge's signature, *see* Hall MSJ Decl., Ex. B); Obj. at 10 ("The magistrate judge erred with an assumption that is inapplicable of property interest protection being entitled to due process protection under the Fourteenth Amendment as to the seizure of my car despite a Fourth Amendment claim asserted for an unlawful seizure and possessory interest establishment.").)

[7] *See infra*, note 10.

nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" "if it 'might affect the outcome of the suit under the governing law.'" *Id.*

The party moving for summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact, and it "may not rely on conclusory allegations or unsubstantiated speculation." *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quotation omitted).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). The court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Summary judgment is therefore inappropriate "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

**A. Detective Rodriguez is dismissed from this action.**

Counsel for Defendants the City of New York and Detective Fredericks request that this Court *sua sponte* dismiss Defendant Detective Rodriguez from this case under Federal Rule of Civil Procedure 4(m) because Detective Rodriguez was not properly served. (Mem. at 2 n.1.) Magistrate Judge Cott correctly recommended that Detective Rodriguez should be dismissed from this case, with prejudice, because of this service defect and because any claims against this defendant are now time-barred. (*See* Report at 40, 45.)

This Court "must dismiss the action without prejudice against th[e] defendant" if service is not made within a 120-day period. Fed. R. Civ. P. 4(m). Here, Plaintiff "did not serve Detective [Rodriguez] at [his] actual place of business because [Detective Rodriguez] retired from the NYPD prior to the service date." *See Gemma v. City of New York*, No. 12 Civ. 02061(TPG), 2013 WL 6017857, at *1 (S.D.N.Y. Nov. 5, 2013).[8] Plaintiff neither made another attempt nor sought an extension of time to complete service on this defendant, even though (1) the July 18, 2014 answer indicated that Detective Rodriguez was not properly served, and (2) Magistrate Judge Cott's April 7, 2014 Order plainly warned of the possibility of dismissal if timely service was not made. (*See* Report at 41, 44.) Detective Rodriguez's dismissal is additionally appropriate because an extension of time to effect service would be futile. Under New York's three-year state of limitations,[9] Plaintiff's claims against Detective Rodriguez expired in November 2013, "effectively rendering the Rule 4(m) dismissal with prejudice." (*See* Report at 45 & n.14.)

Accordingly, Defendant Detective Rodriguez is DISMISSED from this case.

### B. Plaintiff's illegal search claim is without merit.

Initially, the Report correctly determined that Plaintiff has standing to assert Fourth Amendment claims concerning the seizure and search of the vehicle. (*See* Report at 11-13.) Defendants concede that Plaintiff "had access to and use of the vehicle," but maintain that Plaintiff has no legal property interest in the car because "he did not legally hold title to the vehicle." (*See* Mem. at 11.) "It is not the law, however, that only the owner of a vehicle may

---

[8] There is also no evidence that the NYPD employee who accepted the attempted service was authorized to do so on Detective Rodriguez's behalf. (*See* Report at 42.)

[9] "New York's three-year statute of limitations for unspecified personal injury actions governs section 1983 actions in New York." *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (internal citation omitted).

have a Fourth Amendment privacy interest therein that is protected against governmental invasion. Rather, the borrower of an automobile can possess such an interest." *United States v. Pena*, 961 F.2d 333, 337 (2d Cir. 1992) (collecting cases). Here, Plaintiff's reasonable expectation of privacy stems from his permitted and frequent use of the vehicle, as evidenced by: its position outside of Plaintiff's residence, the accrued parking tickets, and the storage of Plaintiff's personal belongings within the car. (*See* Report at 12.)

Magistrate Judge Cott properly concluded that Defendants are entitled to summary judgment on Plaintiff's illegal search claim[10] because Plaintiff has not shown that Detective Fredericks made intentional and material misrepresentations in his affidavit. (*See* Report at 22-23.) "Ordinarily, a search carried out 'pursuant to a warrant is presumed valid,'" but may be challenged by showing "(1) 'that there were intentional and material misrepresentations or omissions' in the warrant affidavit, and (2) that the 'alleged falsehoods or omissions were necessary to the . . . probable cause finding.'" *United States v. Mandell*, 752 F.3d 544, 551-52 (2d Cir. 2014) (quoting *United States v. Awadallah*, 349 F.3d 42, 64-65 (2d Cir. 2003)).

None of Plaintiff's arguments meet the requisite showing to challenge the affidavit's contents. (*See* Report at 23-28.) First, Detective Fredericks' statement that the vehicle was "abandoned" (*see* Opp'n, Ex. B ¶ 7(a)-(b)) was a truthful representation of the facts as he understood them, and there is no contrary evidence in the record to support a finding that the detective knowingly deceived the magistrate judge with this information. Second, Plaintiff

---

[10] Magistrate Judge Cott also recommended that Detective "Fredericks be granted summary judgment as to [Plaintiff's] Fourth Amendment seizure claim" "[b]ecause qualified immunity precludes liability." (Report at 20.) However, as indicated in Plaintiff's objections, the illegal seizure claim was brought against Detective Rodriguez, not Detective Fredericks. (*See* Obj. at 13 (internal citation omitted) ("[T]he Magistrate Judge erred with dismissal of claims against [Detective Fredericks] barred by qualified immunity because according to the trial transcript Rodriguez seized my vehicle not Fredericks.").) Because Detective Rodriguez has been dismissed from this case, this Court need not address the illegal seizure claim against him, which is likewise dismissed.

likewise proffers no evidence to substantiate his bare assertion that statements of certain confidential informants, as contained in the affidavit, were false. (*See* Opp'n at 7; FAC ¶ 7.) Finally, when read in context, Detective Rodriguez's testimony at trial confirms that the search of the vehicle was conducted on November 16, 2010, and that—contrary to Plaintiff's contentions—no warrantless search occurred on November 15, 2010. (*See* Report at 26-28 (citing Trial Transcript, *United States v. Barnes*, 11-CR-184-DLC ("Tr.") at 475-77, ECF No. 46 Ex. 2); *see also* Reply Declaration of Randolph Hall in Support of MSJ, Ex. J (police report describing search conducted on November 16, 2010, after the warrant was obtained), ECF No. 43.) Absent evidence that "there were intentional and material misrepresentations or omissions in the warrant affidavit," *see Mandell*, 752 F.3d at 552 (citation and internal quotation marks omitted), Plaintiff has unsuccessfully challenged the search warrant's validity. This Court therefore grants summary judgment on the illegal search claim.

### C. Plaintiff has not alleged a procedural due process claim.

Defendants construe the FAC as containing a claim under the Fourteenth Amendment for the deprivation of property (the alleged illegal seizure of the vehicle) without due process of law. (*See* Mem. at 12 (citing FAC ¶ 14).)

Procedural due process violations are distinguished by whether they are claims based on: (1) "random, unauthorized acts by state employees" or (2) "established state procedures." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996), *cert. dismissed*, 521 U.S. 1140 (1997). "[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Id.* at 882 (emphasis original). By contrast, should the alleged deprivation "occur[] in the more structured environment of

9

established state procedures, . . . the availability of postdeprivation procedures will not, ipso facto, satisfy due process." *Id.* at 880.

Here, even assuming that Plaintiff had a protectable property interest in the vehicle, summary judgment should be granted on the due process claim. As noted in the Report, Plaintiff has not alleged that the towing and impoundment of the vehicle was caused by established state procedures, as opposed to Detective Rodriguez's random and unauthorized actions. (*See* Report at 30); *see also Hellenic*, 101 F.3d at 880 (explaining that "in most cases it is not only impracticable, but impossible, to provide a meaningful hearing" before "a deprivation [which] occurs because of a random, arbitrary act by a state employee"). Moreover, Plaintiff has not exercised the postdeprivation remedies available to him under New York law, nor is there any record evidence that these remedies were inadequate. *See Ampratwum v. City of New York*, No. 11 Civ. 6111(DLC), 2013 WL 1935321, at *13 (S.D.N.Y. May 9, 2013) (citations omitted) (noting postdeprivation remedies such as state law causes of action for replevin, trespass to chattels, and conversion). As a result, Plaintiff's procedural due process claim is dismissed.

### D. Plaintiff's malicious prosecution claim and denial of a right to a fair trial claim are barred by *Heck v. Humphrey*, and otherwise fail.

Plaintiff alleges that the criminal proceedings against him were a "malicious prosecution," and that Defendants' "fabrication of evidence" facilitated the illegal seizure and search of the vehicle.[11] (*See* FAC ¶¶ 7, 8, 14.) Magistrate Judge Cott properly concluded that Plaintiff's malicious prosecution and denial of a right to a fair trial claims are barred by the rule established in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Report at 31-32.)

---

[11] "[A] claim for denial of a right to a fair trial may be brought alongside one for malicious prosecution even where both are supported by the same evidence." *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 724 (S.D.N.Y. 2012) (quoting *Nibbs v. City of New York*, 800 F. Supp. 2d 574, 575 (S.D.N.Y. 2011)).

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence *has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.*

*Heck*, 512 U.S. at 486-87 (emphasis added) (internal citation omitted). In this case, none of the specified prerequisites has been met, particularly given that Plaintiff's conviction was affirmed on appeal. *See Barnes*, 560 F. App'x at 39. Therefore, because Plaintiff's conviction or sentence "has *not* been so invalidated," his claims for damages "[are] not cognizable under § 1983." *See Heck*, 512 U.S. at 487 (emphasis original); *see also Sanders v. New York City Police Dep't*, No. 07cv3893(DLI)(LB), 2007 WL 4377697, at *3 (E.D.N.Y. Dec. 12, 2007) (dismissing § 1983 illegal seizure claim where the plaintiff, a federal prisoner, did not "allege[] that his conviction ha[d] been reversed or otherwise called into question[;] [i]n fact[,] he could not do so, for his conviction was affirmed on appeal").

The Report also correctly determined that, even were these claims evaluated on their merits, they would fail. (*See* Report at 32-35.) First, to satisfy the elements of a malicious prosecution claim, Plaintiff must show: "1) that Defendants either commenced or continued a criminal proceeding against him, 2) that the proceeding terminated *in his favor*, 3) that there was no probable cause for the criminal proceeding, and 4) that the criminal proceeding was instituted with actual malice." *Bermudez v. City of New York*, 790 F.3d 368, 376-77 (2d Cir. 2015) (emphasis added). Here, the claim cannot survive a summary judgment motion because the second element is not met in light of Plaintiff's conviction.

Second, summary judgment is appropriate on the § 1983 fair trial claim based on the lack of record evidence that Defendants in fact fabricated information to "frame" Plaintiff for murder. (*See* FAC ¶ 5.) "A person suffers a constitutional violation if an (1) investigating official (2)

11

fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (Summary Order). Plaintiff conclusorily alleges that the search warrant's issuance was predicated on the vehicle's "false/alleged abandonment and other false statements" (*id.*), but points to no facts demonstrating that Detective Fredericks actually manufactured or falsified evidence to obtain the warrant. Without this necessary showing, the claim for violation of the right to a fair trial cannot stand.

### E. Plaintiff has not alleged a *Monell* claim against Defendant the City of New York.

Plaintiff claims that Defendant the City of New York inadequately trained officers "in the fundamental law of search and seizure," and failed to systematically instruct officers that they could not search and seize property without consent or a court-authorized warrant. (*See* FAC ¶¶ 16-18.)

To sue the City of New York under § 1983, Plaintiff must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) ("[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution . . . ."). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983," but the specific failure in training "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Canton*, 489 U.S. at 388). Showing such deliberate indifference, however, requires proof under a "stringent standard of

fault" that "a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 131 S. Ct. at 1360 (quotation omitted).

Plaintiff's *Monell* claim is insufficiently pleaded, and must be dismissed. First, assuming *arguendo* that the vehicle's seizure violated Plaintiff's Fourth Amendment rights,[12] Plaintiff has merely pleaded one, isolated instance of alleged misconduct. This single example (coupled with Plaintiff's cursory recitation of legal principles) falls far short of the requisite factual showing that an NYPD custom or policy caused similar constitutional harm. *See Curry v. City of Syracuse*, 316 F.3d 324, 330 (2d Cir. 2003) (citation and internal quotation marks omitted) (upholding dismissal of a complaint "devoid of any allegations which would support liability under *Monell*," and noting that "a municipality may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees"). Second, the *Monell* claim is still untenable in the event the FAC attempts to articulate a claim for municipal liability under a failure to train theory. The record contains no evidence that the City of New York was aware that a defect in its training caused NYPD detectives to engage in Fourth Amendment violations. *See Connick*, 131 S. Ct. at 1360. Magistrate Judge Cott's recommendation to grant summary judgment on the municipal liability claim was therefore not in error. (*See* Report at 38.)

### F. Plaintiff's state-law tort claims are dismissed for failure to satisfy a condition precedent to suit and because they are time-barred.

To the extent that Plaintiff brings state-law tort claims against the City of New York, those claims are dismissed for failure to file a notice of claim, a statutory condition precedent to suit. *See* N.Y. Gen. Mun. Law § 50-i(1) ("No action or special proceeding shall be prosecuted or maintained against a city . . . for personal injury, wrongful death or damage to real or personal

---

[12] As discussed above, no Fourth Amendment violation occurred during the vehicle's search. *See supra*, Section B.

property alleged to have been sustained by reason of the negligence or wrongful act of such city . . . unless . . . a notice of claim shall have been made and served upon the city . . . ."); *id.* § 50-e(1)(a) (a notice of claim must be served "within ninety days after the claim arises"). The record does not reflect any service of the requisite notice of claim within the specified period of time. (*See* Report at 40.) Moreover, because an action encompassing the tort claims should have "be[en] commenced within one year and ninety days after the happening of the event upon which the claim is based"—in this case, one year and ninety days after November 15-16, 2010—the claims are additionally dismissed as untimely. *See* N.Y. Gen. Mun. Law § 50-i(1).

## CONCLUSION

Magistrate Judge Cott's recommendation to grant summary judgment is adopted. Defendants the City of New York and Detective Fredericks' motion for summary judgment is GRANTED. Defendant Detective Rodriguez is DISMISSED from this case.

The Clerk of the Court is directed to close the motions at ECF Nos. 29 and 36, and this case.

Dated: New York, New York
       August 26, 2015

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge

14